**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4018**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICKY DONNELL ABNER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior, District Judge.  (6:21-cr-00001-NKM-5)

_____

Submitted:  March 12, 2024                          Decided:  March 26, 2024

_____

Before KING and GREGORY, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant. Christopher R. Kavanaugh, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Ricky Donnell Abner of conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (1)(C)(i).  The district court sentenced Abner to a total of 420 months' imprisonment.  On appeal, Abner challenges the denial of his suppression motion, as well as the denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal as to the § 924(c) count.  We affirm.

"In reviewing a district court's denial of a motion to suppress, we review legal conclusions de novo and factual findings for clear error." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (internal quotation marks omitted).  We consider the evidence in the light most favorable to the government and "must also give due weight to inferences drawn from those facts by resident judges and law enforcement officers."  *Id.* (internal quotation marks omitted).

An affidavit supporting a warrant that authorizes a search "must provide the magistrate with a substantial basis for determining the existence of probable cause" in light of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 239 (1983).  In deciding whether probable cause exists, "a judicial officer must simply make 'a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011) (quoting *Gates*, 462 U.S. at 238).

2

"Generally, evidence seized in violation of the Fourth Amendment is subject to suppression under the exclusionary rule." *United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009). However, "evidence will not be suppressed if it is obtained by police officers in objectively reasonable reliance on a search warrant, even if that warrant later is determined to be invalid." *United States v. Blakeney*, 949 F.3d 851, 861 (4th Cir. 2020) (describing good faith exception to exclusionary rule announced in *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). When, as here, a defendant challenges both a probable cause finding and the applicability of the good faith exception, we "may proceed to the good faith exception without first deciding whether the warrant was supported by probable cause." *United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994).

"[A] warrant issued by a [judicial officer] normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004) (internal quotation marks omitted). There are, however, circumstances in which the good faith exception will not apply. As is relevant to Abner's argument, the good faith exception does not apply "when the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Wellman*, 663 F.3d 224, 228-29 (4th Cir. 2011). In assessing whether the exception applies, our analysis is "confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal" in light of "all of the circumstances." *Leon*, 468 U.S. at 922 n.23.

3

We conclude that the affidavit supporting the search warrant for Abner's residence bears sufficient indicia of probable cause. The affidavit detailed the information on which the officer relied, including his experience and knowledge relating to narcotics investigations, statements of multiple coconspirators, and findings from law enforcement investigations corroborating much of the information given by the coconspirators. Considering the totality of this information, the affidavit was not so lacking in indicia of probable cause as to render reliance on the warrant unreasonable, and the district court did not err in finding that the good faith exception applied.[1] *See Wellman*, 663 F.3d at 229.

Next, we review de novo the district court's denial of Abner's Rule 29 motion for judgment of acquittal. *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019). Abner contends that he should have been acquitted as to the firearm offense because the Government failed to prove that he possessed a firearm in the Western District of Virginia, as alleged in the indictment.[2]

A fatal variance—also known as a constructive amendment—occurs when the government or the district court "broadens the possible bases for conviction beyond those presented by the grand jury," effectively amending the indictment to allow the defendant

---

[1] In light of this conclusion, we need not consider whether the affidavit was deficient in establishing probable cause and cast no doubt on the district court's decision in this regard.

[2] While Abner frames the issue as one of insufficiency of the evidence, the substance of his argument asserts a factual divergence between the allegations in the indictment and the Government's trial evidence, not a challenge to the sufficiency of the evidence to support his § 924(c) conviction.

4

to be convicted of a crime other than the one charged. *United States v. Burfoot*, 899 F.3d 326, 338 (4th Cir. 2018) (internal quotation marks omitted). Conversely, a "mere" or non-fatal variance "occurs when the facts proven at trial support a finding that the defendant committed the indicted crime, but the circumstances alleged in the indictment to have formed the context of the defendant's actions differ in some way nonessential to the conclusion that the crime must have been committed." *United States v. Miltier*, 882 F.3d 81, 93 (4th Cir. 2018) (internal quotation marks omitted). "Such a variance does not violate a defendant's constitutional rights unless it prejudices the defendant either by surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense." *Id.* (internal quotation marks omitted). We review de novo whether the district court permitted a fatal variance to the indictment. *Id.* at 92.

"To sustain a conviction under § 924(c), the government must prove that the defendant (1) used or carried a firearm and (2) did so during and in relation to a" drug trafficking crime. *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015). The statute does not require the government to prove that a defendant possessed a firearm at any particular location and, accordingly, the geographic location alleged in the indictment is not an element of the crime. A district court does not constructively amend an indictment when it does not require the jury to find a fact that was alleged in the indictment but is not an element of the charged crime. *See Burfoot*, 899 F.3d at 338-39; *see also United States v. Malloy*, 568 F.3d 166, 178 (4th Cir. 2009) (noting constructive amendment occurs when indictment is altered to change elements of charged offense). Moreover, Abner has not

5

demonstrated any prejudice resulting from this alleged variance. The district court thus did not err in denying Abner's Rule 29 motion for a judgment of acquittal on the firearm charge.

Accordingly, we deny Abner's motion to appoint new counsel and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*